UNITED STATES of America

v.

**Tyrone WELLS, Appellant.**

No. 04–3395.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 5, 2005.

Decided Dec. 8, 2005.

Eric Pfisterer, Kimberly A. Kelly, Office of United States Attorney, Harrisburg, PA, for United States of America.

Kent D. Watkins, Saint Claire, PA, for Tyrone Wells.

Before RENDELL, FISHER and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

On April 22, 2004 Tyrone Wells pled guilty to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. At sentencing, the District Court increased Wells' base offense level under the Sentencing Guidelines because it found that he possessed 353 grams of crack cocaine. The District Court also increased Wells' offense level by two points, as required by the Sentencing Guidelines, for possession of a dangerous weapon. Both increases were based on facts contained in the Pre-

sentence Investigation Report. Wells was sentenced to 210 months in prison followed by a five-year term of supervised release.

On appeal, Wells contends that the adjustment to his base offense level violated his Sixth Amendment rights under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). He challenges the two-level increase for possession of a violent weapon on the same grounds. Although *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), had not been decided at the time of briefing, we directed Wells to comment on the applicability of *Booker* to his case. He responded in a letter dated March 11, 2005, raising a *Booker* challenge. In the letter, Wells argues that his sentence was improper in light of *Booker,* because the District Court applied the Sentencing Guidelines on a mandatory, rather than merely advisory, basis. He also claims that the District Court erred in increasing his offense level based on facts contained in the Presentence Investigation Report because the facts had not been admitted nor proven beyond a reasonable doubt. We have jurisdiction to review Wells' sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In accordance with our decision in *United States v. Davis,* 407 F.3d 162 (3d Cir. 2005), where we concluded that defendants sentenced under the previously mandatory guidelines regime should have their sentence remanded to the District Court, we will vacate the sentence and remand for resentencing in accordance with *Booker. Davis,* 407 F.3d at 165. Appellant does not challenge his conviction.